WALTER SHROPSHIRE V. THE STATE.

No. 15568.   Delivered February 8, 1933.
Reported in 57 S. W. (2d) 108.

The opinion states the case.

*Otis Rogers,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is forgery as denounced in article 1006, Penal Code; the punishment, confinement in the penitentiary for five years.

On February 2, 1929, appellant executed and delivered to M. L. Massingill, trustee, a deed of trust covering lot 3 in block 2 of the Q-Bone Addition to the City of Fort Worth; the purpose of the instrument being to secure F. W. Skiles in the payment of a note for $600. At the time the deed of trust was executed a new house, which was not occupied, was being constructed on the lot 3. Appellant's wife, Mrs. Callie Shropshire, did not join in the execution of the deed of trust or promissory

note, but, in appellant's presence, these instruments were executed by Bessie Mae Shropshire, who was the daughter-in-law of appellant and who appellant represented to be his wife. Bessie Mae Shropshire testified that appellant asked her to appear and execute the instruments in his wife's name and that she complied with his request in order to help him. She said that Mrs. Callie Shropshire had not authorized her to sign her name. The deed of trust contained a stipulation as follows: "This property is not our homestead or any part thereof." Prior to the time the deed of trust was executed, the lot in question had been conveyed to appellant and Callie Shropshire, his wife. This deed was on record, and the attorney representing Mr. Skiles had advised him that, if he made a loan on the property, Mrs. Callie Shropshire, appellant's wife, should be required to join her husband in the execution of the deed of trust and note. At the time of the execution of the deed of trust, appellant signed an instrument purporting to designate a house at 2107 South Main street in Fort Worth as his homestead. Bessie Mae Shropshire signed the name of appellant's wife to this instrument. Appellant did not own the property designated, but had, on the 16th day of December, 1928, conveyed such property to Kimble Milling Company, a corporation, and was, at the time he executed the deed of trust, living in the house as a tenant. After executing the deed of trust and note appellant received $600 from Mr. Skiles. At the time of the trial, although the note was past due, Mr. Skiles had been unable to collect his money. Appellant did not testify, nor did he offer his wife as a witness.

Appellant contends that the state failed to show that the property involved was not the community property of appellant and his wife, his position being that in the event it was community property, the deed of trust was valid without the joinder of his wife in its execution. We deem it unnecessary to deal with the statutes and decisions relating to the power of the husband to mortgage the community property. The opinion is expressed that appellant's act in procuring the forgery of his wife's name is condemned by article 1006, Penal Code. We quote the article as follows: "Every person who falsely makes, alters, forges, or counterfeits, or causes or procures to be falsely made, altered, forged, or counterfeited, or in any way aids, assists, advises, or encourages the false making, altering, forging, or counterfeiting of any certificate, field notes, returns, survey, map, plat, report, order, decree, record, patent, deed, power of attorney, transfer, assignment, release,

conveyance, or title paper, or acknowledgment, or proof of record, or certificate of record belonging to or pertaining to any instrument or paper, or any seal, official or private stamp, scroll, mark, date, signature, or any paper, or any evidence of any right, title, or claim of any character, or any instrument in writing, document, paper or memorandum, or file of any character whatsoever, in relation to or affecting lands, or any interest in lands in this state, with the intent to make money or other valuable things thereby, or with intent to set up a claim or title, or aid or assist any one else in setting up a claim or title to lands or any interest in lands, or to prosecute or defend a suit, or aid or assist anyone else in prosecuting or defending a suit with respect to lands, or to cast a cloud upon the title, or in any way injure, obtain the advantage of, or prejudice the rights or interest of, the true owner of lands, or with any fraudulent intent whatever, shall be deemed guilty of forgery and be punished by imprisonment in the state penitentiary at hard labor not less than five nor more than twenty years."

We also quote article 1010, Penal Code: "Upon indictment under this chapter, to warrant a conviction, it shall only be necessary to prove that the person charged took any one step, or did any one act or thing in the commission of the offense, if from such step, act or thing any of the intentions hereinbefore mentioned, or any other fraudulent intention, may be reasonably inferred; nor shall it be any defense to a prosecution under this chapter that the matter, act, deed, instrument or thing was in law, either as to substance or form, void, or that the same was not in fact used for the purpose for which it was made or designed; and it shall only be necessary in an indictment under this chapter to state with reasonable certainty the act constituting the offense, and charge, in connection therewith, in general terms, the intention to defraud, without naming the person or persons it was intended to defraud. On trial of such indictment, it shall be sufficient, and shall not be deemed a variance if there appears to be an intent to defraud the United States, or any State, Territory, county, city, town or village, or any body corporate, or any public officer in his official capacity, or any co-partnership, or member thereof, or any particular person."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.